UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHELLE HOPKINS,**

   **Plaintiff,**

v.                Case No: 6:13-cv-1171-Orl-36KRS

**EEOC, ROBERT METAXA,
JACQUELINE A. BERRIEN, ARLENE
MARRERO-NARVAEZ and
MALCOLM S. MEDLEY,**

   **Defendants.**

## ORDER

  This cause comes before the Court upon the Report and Recommendation ("R&R") filed by Magistrate Judge Karla R. Spaulding on August 8, 2013. (Doc. 3.) In the Report and Recommendation, Judge Spaulding recommends denying the motion to proceed *in forma pauperis* (Doc. 2, "Application to Proceed in District Court Without Prepaying Fees or Costs") filed by Plaintiff Michelle Hopkins ("Hopkins" or "Plaintiff") and dismissing the case. *Id.* at 2. Hopkins filed an objection to the Report and Recommendation on August 19, 2013 ("Objections"). (Doc. 4, "Response to Recommendation.") Accordingly, the Report and Recommendation is ripe for review.

  Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to . . . proposed findings and recommendations." Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990). The district judge

may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

Hopkins seeks to proceed *in forma pauperis* (Doc. 2) in this action brought as a result of the alleged mishandling of the employment discrimination charges she filed with the EEOC (Doc. 1 at 2). She sues the EEOC office in Miami as well as individual employees of the EEOC for this alleged mishandling. (Doc. 1 at 2.) The Magistrate Judge recommends denying the *in forma pauperis* motion on the ground that Plaintiff's Complaint is frivolous because it "lacks an arguable basis in law or in fact." *See* R&R at 1-2 (citing 28 U.S.C. § 1915(e)(2)(B)[1]; *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Court agrees.

The Magistrate Judge correctly cited caselaw which notes that "there is no cause of action against the EEOC for its alleged mishandling of a discrimination complaint against a third party." R&R at 2 (citing *Irwin v. Miami-Dade County Public Schools*, 398 Fed. Appx. 503, 506 (11th Cir. 2010); *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997)). Instead, pursuant to 42 U.S.C. § 2000e-5(f)(1)[2], Congress has given aggrieved employees the right to sue their

---

[1] Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

[2] 42 U.S.C. § 2000e-5(f)(1) provides, in relevant part:

> If a charge filed with the Commission . . . is dismissed . . . or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference . . ., whichever is later, the Commission has not filed a civil action under this section . . ., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission .

employers directly if the EEOC has mishandled their discrimination charges. *Smith*, 119 F.3d at 34. "The retention of [a] private right of action . . . [wa]s designed to make sure that the person aggrieved does not have to endure lengthy delays if the Commission . . . does not act with due diligence and speed. . . . [A]s the individual's rights to redress are paramount under the provisions of Title VII[,] it [wa]s necessary that all avenues [were] left open for quick and effective relief." *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 365-66 (1977).

In Plaintiff's Objections to the Report and Recommendation, she asserts that she brought the claims in her Complaint "under the Civil Rights Act, 42 U.S.C. § 1983, [which] says individual employees of federal, state and local government may be sued in their individual capacities for damages, declaratory or injunctive relief." Doc. 4 at 1. In fact, 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To establish a claim for a constitutional violation under 42 U.S.C. § 1983, a plaintiff must establish (1) a violation of a constitutional right and (2) that the alleged violation was committed

---

> . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the unlawful employment practice.

by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Here, because none of the individuals Hopkins sued were state actors, her claim under Section 1983 must fail. *See Allen v. U.S. EEOC Office*, 366 Fed. App'x 972, 974 (11th Cir. 2010) ("Section 1983 does not apply to federal actors acting under color of federal law.") (citations omitted); *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.").

On the contrary, a *Bivens* action provides a remedy for constitutional violations when federal actors are involved, such as the EEOC employees Plaintiff has sued in this action. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 397 (1971); *see also Hindman v. Healy*, 278 Fed. App'x 893, 895 (11th Cir. 2008) (noting that a *Bivens* action is analogous to Section 1983 suits against state and local officers); *Benjamin v. Brookhaven Science Associates, LLC*, 387 F. Supp. 2d 146, 156-57 (E.D.N.Y. 2005) (noting that a *Bivens* action is the non-statutory federal counterpart to a suit brought pursuant to 42 U.S.C. § 1983 and is aimed at federal rather than state officials where an action can be brought against federal agents in their individual capacities). However, *Bivens* actions can be brought directly under the Constitution only where no alternative methods of obtaining redress exist. *Hindman*, 278 Fed. App'x at 895; *see also Irwin*, 398 Fed. Appx. at 506 ("A *Bivens* action against individual federal officials is appropriate only if there is no other adequate remedy."). As the court has noted, *supra*, Hopkins has a remedy for her claims against the EEOC employees that she has sued in this action for allegedly mishandling her employment discrimination charges, and that is the authority to sue her employer directly pursuant to 42 U.S.C. § 2000e-5(f)(1) for the alleged

4

employment discrimination.³  Therefore, Plaintiff's Objections to the Report and Recommendation have no merit.

Thus, after careful consideration of the Report and Recommendation of Magistrate Judge Spaulding, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation of the Magistrate Judge (Doc. 3) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review;

2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

3. The Clerk is directed to **DISMISS** this case and close the file.

**DONE** and **ORDERED** in Orlando, Florida on October 11, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Karla R. Spaulding

---

³ In fact, Plaintiff Hopkins currently has three cases pending before this Court against her former employer and certain employees of that employer, at Docket Numbers 6:12CV00734-CEH-KRS, 6:12CV001743-CEH-KRS, and 6:13CV00370-CEH-KRS.